```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK DECKER,                : CIVIL NO: 1:11-CV-00591
                                 :
          Plaintiff              :
                                 : (Judge Caldwell)
     v.                          :
                                 : (Magistrate Judge Smyser)
PATRICIA BUNTING/FACILITY HEAD   :
NURSE, DEBRA WILSON/FACILITY     :
DOCTOR,                          :
          Defendants             :
```

## REPORT AND RECOMMENDATION

I. Background and Procedural History.

      The plaintiff is a prisoner at the Pike County Correctional Facility. On March 29, 2011, he filed a complaint in this court and a motion for the appointment of counsel.

      The Clerk of Court issued an Administrative Order directing the plaintiff to pay the filing fee or file the proper forms to proceed *in forma pauperis*. The plaintiff then filed an application to proceed *in forma pauperis* and an authorization form to have funds deducted from his prison account to pay the filing fee.[1]

---

1. By a separate Order, we have granted the plaintiff's application to proceed *in forma pauperis* and we have denied the plaintiff's motion for the appointment of counsel.

In the caption of the complaint, the plaintiff names as defendants: Patricia Bunting, the Facility Head Nurse; and Debra Wilson, the Facility Doctor.  In the complaint, the plaintiff also names as defendants: the "Director/Commissioner of the state of Pennsylvania"; Craig A. Lowe, the Warden of the Pike County Correctional Facility; and Rebecca Holleran, a corrections officer.[2]

The plaintiff alleges the following facts in his complaint.

The plaintiff injured his knee while he was in his cell at the Pike County Correctional Facility.  Medical staff came to the plaintiff's cell and placed him on a flexible stretcher.  But they did not properly stabilize his leg.  Four corrections officers then carried the plaintiff down the stairs.  When the corrections officers made a turn at the top of the stairs, the plaintiff's injured knee was pressed against the railing.  This caused the plaintiff pain and possibly further injured his

---

2. Although the plaintiff refers to Holleran as a defendant, after her name he placed in parentheses and in bold capital letters the word "WITNESS."  It is not clear whether the plaintiff is naming Holleran as a defendant or whether he is merely indicating that she is a witness.

2

knee. The plaintiff was carried to a gurney and then taken to the medical department.

A nurse called defendant Bunting at her home to determine whether the plaintiff should be taken to a hospital. Defendant Bunting did not come to the prison to see the plaintiff's injury. Nonetheless she said that the plaintiff should not be taken to a hospital. A bandage was wrapped around the plaintiff's knee, and he was given crutches and a bag of ice. He was placed in a cell in the intake area.

On October 13, 2010, medical staff took x-rays of the plaintiff's knee.

On October 14, 2010, the plaintiff saw defendant Wilson, the facility doctor. Defendant Wilson tried to force the plaintiff's knee to bend. Doing so put pressure on the plaintiff's thigh which has a steel rod in place from a previous injury. Defendant Wilson told the plaintiff that the x-rays had come back and that there is nothing wrong with his knee. She told him to work out the stiffness.

3

On October 18, 2010, the plaintiff's girlfriend brought a knee brace for the plaintiff.  A nurse told her that the plaintiff was not allowed to have the brace because it was not approved by defendant Wilson.  During her visit, the plaintiff's girlfriend saw how much pain the plaintiff was in.  She then spoke to the nurse and expressed her concerns about the plaintiff's knee and about the plaintiff not being sent to a hospital.  She also stated that if the plaintiff did not receive proper medical attention she would contact a lawyer.

On October 19, 2010, the plaintiff was transported outside the prison to have an MRI of his knee.  The doctor that performed the MRI told one of the officers that the plaintiff had a bone fragment floating around his knee.  After the MRI, the plaintiff was returned to the jail.  But later that day the plaintiff was taken to the emergency room of the hospital.  At the hospital, more x-rays of his knee were taken and the plaintiff found out that his knee was fractured.  The plaintiff was placed in a leg immobilizer to prevent his leg from bending at the knee.

On October 23, 2010, the plaintiff went to the intake area to have photographs taken of the bruises on his leg caused by defendant Wilson trying to bend his leg on March 14, 2010.

From October 11, 2010 to October 19, 2010, medical staff refused to take the plaintiff to a hospital to get the medical treatment that he needed.  Staff also ignored the plaintiff's pain which the plaintiff describes as unbearable.

The plaintiff claims that the defendants violated the Eighth Amendment.

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

5

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The

6

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

7

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The plaintiff claims that the defendants violated the Eighth Amendment. But the complaint fails to state an Eighth Amendment claim upon which relief may be granted.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior."* *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "Liability based on

8

*respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

"[T]he Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In order for the plaintiff to state a viable Eighth Amendment medical care claim against a defendant he must allege that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

The concept of serious medical need has two components, one relating to the consequences of a failure to treat and the

9

other relating to the obviousness of those consequences. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). The condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death. *Id*. Also, the condition must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention. *Id*.

Deliberate indifference is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). To act with deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Farmer, supra,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Deliberate indifference may be found in a variety of circumstances including where a prison official

10

knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, denies prescribed or recommended treatment or persists in a particular course of treatment "'in the face of resultant pain and risk of permanent injury.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)(quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Id.* "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle, supra,* 429 U.S. at 106. "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

11

Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates. Courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White*, *supra,* 897 F.2d at 110 (mere disagreement over proper treatment does not state a claim upon which relief can be granted).

A prison official is not deliberately indifferent simply because he or she failed to respond to a prisoner's medical complaints when the prisoner was already being treated

12

by medical professionals.  *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).  "Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

The plaintiff has alleged facts from which it can reasonably be inferred that he had a serious medical need.  But he has not alleged facts from which it can reasonably be inferred that any of the named defendants was deliberately indifferent to his serious medical need.

The plaintiff alleges that his leg was not properly stabilized and that in the process of carrying him down the stairs the corrections officers caused his injured knee to be pressed against the railing.  He alleges that this caused him pain and possibly further damaged his knee.  Those allegations do not raise an inference of deliberate indifference.  At best, those allegations raise an inference of negligence.  Negligence does not support an Eighth Amendment claim.  And thus those

13

allegations do not state an Eighth Amendment claim upon which relief may be granted.

The plaintiff alleges that a nurse called defendant Bunting at her home to determine whether the plaintiff should be taken to a hospital, that defendant Bunting did not come to the prison to see the plaintiff's injury but that she nonetheless said that the plaintiff should not be taken to a hospital.  Those allegations also do not raise an inference of deliberate indifference.  Not all knee injuries require an immediate trip to the hospital.  The plaintiff has not alleged facts from which it reasonably can be inferred that defendant Bunting knew of a substantial risk of serious harm to the plaintiff and disregarded that risk by failing to take reasonable measures to abate it.  Thus, the complaint fails to state an Eighth Amendment claim upon which relief may be granted against defendant Bunting.

The plaintiff alleges that defendant Wilson tried to force the plaintiff's knee to bend and that she told him that nothing was wrong with his knee.  Subsequent events show that defendant Wilson was wrong.  But that does not raise an

14

inference of deliberate indifference. The failure to recognize the need for medical treatment does not constitute deliberate indifference. Again, at best, the plaintiff's allegations regarding defendant Wilson raise an inference of negligence or medical malpractice, and such an inference does not support an Eighth Amendment claim. The plaintiff has not alleged facts from which it reasonably can be inferred that defendant Wilson knew of a substantial risk of serious harm to the plaintiff and disregarded that risk by failing to take reasonable measures to abate it. Thus, the complaint fails to state an Eighth Amendment claim upon which relief may be granted against defendant Wilson.

The plaintiff alleges that from October 11, 2010 to October 19, 2010, medical staff refused to take him to a hospital to get the medical treatment that he needed. As set forth above, the failure to recognize the need for medical treatment does not constitute deliberate indifference. The plaintiff also alleges that staff ignored his pain which he describes as unbearable. But he has not alleged what he told staff about his pain or what their response was. Further, he has not alleged that any of the named defendants were aware of

his pain and its severity or that they failed to take reasonable measures to address his pain. Thus, these allegations fail to state an Eighth Amendment claim upon which relief may be granted.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). Since the plaintiff's allegations raise at best inferences of negligence, amendment would be futile.

IV. Recommendations.

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Dated: May 2, 2011.                    Magistrate Judge

16